**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

J.H.; A.H.,

    Plaintiffs - Appellants,

v.

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY,

    Defendant - Appellee.

No. 24-4052

_____

**Appeal from the United States District Court
for the District of Utah
(D.C. No. 2:23-CV-00460-TS)**
_____

Brian S. King, Brian S. King P.C., Salt Lake City, Utah, for Plaintiffs–Appellants.

Nathan R. Marigoni (Angela D. Shewan with him on the brief), Troutman Pepper Hamilton
Sanders LLP, Atlanta, Georgia, for Defendant–Appellee.
_____

Before **HARTZ**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

**HARTZ**, Circuit Judge.
_____

    J.H. participated through her employer in an employee welfare-benefit plan

(the Plan) fully insured by Anthem Blue Cross Life and Health Insurance Company.

Her son, A.H., was a beneficiary.[1] After Plaintiffs sought benefits for A.H.'s year-long stay at a mental-health treatment center, Anthem denied coverage. Plaintiffs' appeal to Anthem was unsuccessful.

Well over a year after their final appeal through Anthem was decided, Plaintiffs filed this lawsuit, asserting a claim for recovery of benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). A provision of the Plan stated: "If you bring a civil action under Section 502(a) of ERISA, you must bring it within one year of the grievance or appeal decision." Aplt. App. at 174. The United States District Court for the District of Utah dismissed the action, concluding it was time-barred under the provision.

On appeal Plaintiffs point to another sentence in the Plan setting a three-year limitations period, contending that the two deadlines are contradictory and create an ambiguity that must be interpreted in their favor. We hold that the two provisions are not inconsistent and both provisions would apply. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

A.H. was admitted to a residential treatment center in May 2020 and received care there until June 2021. On July 1, 2020, he became covered under the Plan through Anthem. The Plan "provides coverage for the medically necessary treatment of mental health conditions and substance abuse." Aplt. App. at 104 (emphasis

---

[1] A.H. and J.H. are referred to by their initials to protect minor children and their family members from public disclosure.

omitted). One section states that legal or equitable actions to recover from the Plan must be brought within "three years from the time written proof of loss" must be furnished to Anthem, and also that civil actions under ERISA § 502(a) must be brought "within one year of the grievance or appeal decision." *Id.* at 174.

On July 9, 2020, Anthem determined that A.H.'s residential treatment was not medically necessary and denied coverage. A year later Plaintiffs submitted an internal appeal. In August 2021 Anthem affirmed the denial in a grievance decision, which included the following statement:

> If your health benefit plan is subject to [ERISA], once you have exhausted all mandatory appeal rights, you have the right to bring a civil action in federal court under section 502(a)(1)(B) of ERISA *within one year*, unless your plan provides for a longer period. Check your benefits booklet or plan documents to see if you have more time.

*Id.* at 222 (emphasis added). Plaintiffs then submitted a request for external review by the California Department of Insurance, thus exhausting their appeals. In October 2021 the Department affirmed Anthem's decision.

One year and nine months later, in July 2023, Plaintiffs filed this lawsuit to challenge the adverse decision. They asserted a single claim under ERISA § 502(a)(1)(B). *See* 29 U.S.C. § 1132(a)(1)(B) ("empower[ing]" a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan").

Anthem moved to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that the claim was time-barred under the Plan's one-year limitations period for § 502(a) actions. The district court granted the motion. It rejected Plaintiffs' arguments that

the three-year limitations period in the Plan applied, reasoning that the one-year limitations provision applied to "all § 502(a) claims," while the three-year limitations provision applied to "all other non-502(a) claims." *J.H. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:23-CV-00460-TS-DBP, 2024 WL 2243316, at *3 (D. Utah May 16, 2024).

## II. DISCUSSION

"We review a Rule 12(b)(6) dismissal de novo, accepting as true all well-pleaded factual allegations in the complaint and viewing them in the light most favorable to the plaintiff." *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011). In addition to the complaint, we "may consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, 1286 n.3 (10th Cir. 2023) (internal quotation marks omitted). Because Plaintiffs' complaint repeatedly references the Plan, their ERISA claim seeks benefits under its terms, and both parties rely on its language on appeal, we consider it here.

Since ERISA does not "specify a statute of limitations for filing suit under § 502(a)(1)(B)," *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 102 (2013), ERISA-governed plans often specify a limitations period. "[R]easonable ERISA-plan limitations periods are enforceable," because "[a]n ERISA plan is nothing more than a contract, in which parties as a general rule are free to include whatever limitations they desire." *Salisbury v. Hartford Life & Accident Ins. Co.*, 583

F.3d 1245, 1247–48 (10th Cir. 2009) (internal quotation marks omitted). Plaintiffs do

not dispute the reasonableness of the Plan's limitations periods.

Instead, Plaintiffs argue that the Plan is ambiguous as to whether the one-year

limitations period or the three-year limitations period applies. Given this purported

ambiguity, they say that they are entitled to the more generous three-year period

because ambiguities must be construed in their favor. *See Miller v. Monumental Life*

*Ins. Co.*, 502 F.3d 1245, 1253 (10th Cir. 2007) (when "reviewing an ambiguous

ERISA plan de novo," we resolve the ambiguity against the drafter).[2]

"In order to determine whether a plan is ambiguous, we consider the common

and ordinary meaning as a reasonable person in the position of the plan participant,

not the actual participant, would have understood the words to mean." *Salisbury*, 583

F.3d at 1248 (internal quotation marks omitted). "Ambiguity exists where a plan

provision is reasonably susceptible to more than one meaning, or where there is

uncertainty as to the meaning of the term." *Miller*, 502 F.3d at 1250 (internal

quotation marks omitted).

The "Legal Actions" section of the Plan provides:

No attempt to recover on the [Plan] through *legal or equity action* may
be made until at least 60 days after the written proof of loss has been

---

[2] Plaintiffs also argue on appeal that the three-year provision applies under the general/specific canon for interpreting texts. But they did not adequately raise this argument in district court; their brief in opposition to Anthem's motion to dismiss did not mention the general/specific canon. Failure to preserve the argument below forfeits the issue, and Plaintiffs' failure to argue plain error on appeal waives it. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011) (Gorsuch, J.).

furnished as required by this [Plan]. *No such action may be started later than three years from the time written proof of loss is required* to be furnished. If you bring a *civil action under Section 502(a) of ERISA*, you *must bring it within one year of the grievance or appeal decision.*

Aplt. App. at 174 (emphasis added).

Plaintiffs could not, and do not, contend that the starting points for the two limitations periods are unclear. Rather, they argue that the Plan is ambiguous because the limitations provisions are "contradictory." Aplt. Br. at 6.

We agree that on the face of the Legal Actions section, Plaintiffs' § 502(a) suit was subject to both the one-year and three-year limitations periods. But what is the problem? The three-year provision warns the insured to file suit within three years of when the proof of loss had to be furnished to Anthem. The one-year provision simply adds another deadline; it warns the insured to file suit within a year of the grievance or appeal decision. If the insured files suit after either deadline, the claim is barred.

Whichever deadline comes first will depend on the specifics of the claim. Although perhaps unusual, the beginning of the three-year period may be so much earlier than the beginning of the one-year period that it expires first. Say, for instance, that a Plan participant's internal appeal was decided two-and-a-half years after she was required to submit a claim, and she then waited seven more months to file a § 502(a) action. Her claim would not be barred by the one-year limitations provision (because only seven months would have passed since her appeal was decided), but it *would* be barred by the three-year limitations provision (because three years and one month would have passed since she was required to submit proof of

6

loss). There is no conflict or inconsistency here, because the two deadlines are triggered by different events.

The two limitations periods are no different from any other conditions placed on a claim. All the conditions must be met. If there are four conditions, the fact that three conditions are met does not mean that the fourth condition can be ignored. Nor does it mean that the fourth condition is inconsistent with the other three. Indeed, it is not uncommon for the same legal action to be subject to two distinct time limits. For example, a lawsuit may be subject to a typical statute of limitations dating from the time of injury (such as the collapse of a building) and also a statute of repose dating from the time of the negligent conduct (such as preparing a defective design for the building). *See, e.g.*, *United Water & Sanitation Dist. v. Geo-Con, Inc.*, 488 F. Supp. 3d 1052, 1056 (D. Colo. 2020) (explaining that the Colorado Construction Defect Action Reform Act, which applies to actions against architects (among others), "contains both a statute of limitations and a statute of repose"); *see also Hogan v. Pilgrim's Pride Corp.*, 73 F.4th 1150, 1157 (10th Cir. 2023) (describing a securities-law provision containing both a "two-year statute of limitations" and a "five-year statute of repose" (internal quotation marks omitted)); *see generally CTS Corp. v. Waldburger*, 573 U.S. 1, 7–8 (2014) (explaining that statutes of limitations usually are measured from the time the claim accrued (typically "when the injury occurred or was discovered"), while statutes of repose are measured "from the date of the last culpable act or omission of the defendant"). Such an arrangement does not make either the statute of limitations or the statute of repose ambiguous.

Plaintiffs appear to be reading the two limitations provisions in the Legal Actions section of the Plan not as deadlines but as windows of opportunity. They may think that the three-year provision grants the right to file suit within that three-year period, even if the one-year period has expired. That, however, is a misreading of the plain language of the Plan. It does not say that you have the right to file suit within three years of furnishing a proof of loss; it says that you cannot file suit more than three years after proof of loss is required.

Plaintiffs also appear to be assuming that only one limitations provision can apply to a particular dispute, so a conflict arises if both could apply. But, as we have explained, both can apply at the same time. There is therefore no reason for us to determine whether the three-year provision could also be operative here. We need only note that the one-year provision clearly applies in this case.

Contrary to Plaintiffs' characterization of Anthem's arguments, we do not reach our conclusion through "arcane legal theories." Aplt. Reply Br. at 6.[3] Reasonable people would have understood that they needed to bring their § 502(a) action within one year of the appeal decision.

---

[3] Plaintiffs point to 29 U.S.C. § 1022, which provides in part that a "summary plan description of any employee benefit plan . . . shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan," as well as "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." Their opening brief fails to explain how that provision applies to these facts, however, so their argument is inadequately presented.

The one-year limitations period began running in October 2021 when the final appeal was decided. Plaintiffs filed their 502(a) action a year and nine months later. Thus, their action was time-barred. *See Heimeshoff*, 571 U.S. at 108 ("The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan.").

### III.    CONCLUSION

We **AFFIRM** the district court's dismissal.